*D. M. Rodman, for appellant.*

*W. P. Thorne, Russell & Helm, for appellee.*

---

J. M. PROVINCE, ET AL., v. J. W. LEONARD, ET AL.

Pleading Amendments.

> After the evidence is in it is not such an abuse of the court's discretion to refuse to permit the plaintiff to so amend his petition as to substantially change the claim set up in the original petition as will require this court to reverse the cause on appeal.

## APPEAL FROM McCRACKEN CIRCUIT COURT.

### January 16, 1879.

OPINION BY JUDGE HINES:

The original petition in this case alleged, in substance, that J. M. Province, J. C. Province, J. V. Fly and J. N. Warwick sold to J. W. Leonard a certain number of stave trees for a specified sum, and prayed attachment and judgment for their value. Subsequently an amended petition was filed, setting forth that Leonard was the agent of Romaine & Roth, and asking attachment and judgment against them. To the petition and the amended petition Leonard answered as agent for Romaine & Roth, denying the purchase jointly from the Provinces, Fly and Warwick, and denying also the other material allegations of the petitions.

After the evidence was in, showing that the only contract that was made was between J. M. and J. C. Province, they offered an amended petition setting forth these facts, omitting the names of Fly and Warwick, and asking permission to prosecute the case in the name of the Provinces. The court refused to allow the amendment to be filed and dismissed the petition. From that judgment this appeal is prosecuted.

The questions arising on the appeal are, first, did the court have power under section 134 of the Civil Code to allow the amendment, and, secondly, if the court could permit the amendment, was it guilty of an abuse of discretion in refusing it.

We are clearly of the opinion that the court did not err in refusing the amendment, and that whether it be placed upon the ground to allow the amendment or upon the ground of the abuse of discretion. The amendment was not such a one as is provided for by Sec. 134, Civil Code. It substantially changes the claim set up in the original petition, and therefore cannot be placed upon the ground of conforming the pleading to the proof. The original petition alleged a sale jointly by the four plaintiffs mentioned, while the amendment set up a contract made with the Provinces only. It does not present a case of variance in the proof, which may be corrected by amendment, but a case of failure of proof. If, however, it be a variance and not a failure of proof which the court might have permitted to be corrected by amendment, we cannot say that the court below was guilty of such an abuse of discretion, in refusing permission to file the amendment, as would justify a reversal. The plaintiff had notice from the answer, before the taking of proof, that

the defendants would raise the question of the right of the four plaintiffs to prosecute the action jointly. This renders it unnecessary to answer the other objections raised.

Judgment *affirmed.*

*Bigger & Reid, for appellants.  L. D. Husbands, for appellees.*